___

SO ORDERED,

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: March 27, 2017**

**The Order of the Court is set forth below. The docket reflects the date entered.**
___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    HAYDEL PROPERTIES, LP                            CASE NO. 16-51259-KMS

            DEBTOR                                                        CHAPTER 11

## ORDER DENYING MOTION FOR RELIEF FROM STAY, TO PROHIBIT USE OF CASH COLLATERAL, AND FOR ADEQUATE PROTECTION

Before the Court is the Motion for Relief from the Automatic Stay, To Prohibit or Condition Use of Cash Collateral, or in the alternative, For Adequate Protection (Dkt. No. 46) filed by Creditor Community Bank, Coast. The Court held a hearing on the motion on October 27, 2016, and provided the parties an opportunity to submit additional briefing. Dkt. No. 60. Having considered the arguments and evidence in this case, the Court denies the motion.

### I. Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and (M).[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 52, made applicable here by Federal Rules of Bankruptcy Procedure 9014(c) and 7052, the following constitutes the findings of fact and conclusions of law of the Court.

1

II. Findings of Fact

Haydel Properties, LP ("Haydel Properties") "is primarily a real estate holding company that is owned by brothers, Michael and Gerald Haydel." Dkt. No. 46 at 1. Haydel Properties previously filed bankruptcy in 2012. *In re Haydel Prop., LP*, No. 12-50048 (Bankr. S.D. Miss. filed Jan. 11, 2012). On August 23, 2013, the Court confirmed a plan of reorganization, and on March 18, 2015, the case was terminated after distributions began. *Id.* During the pendency of that case, Haydel Properties entered into an agreement with Community Bank, Coast ("Community") "for a consensual restructuring of the Community claims which resulted in the execution of a Promissory Note dated October 16, 2012, for the principal amount of $1,593,405.13." Dkt. No. 46 at 2. Haydel Properties also signed a "Commercial Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing" on the same date that were duly recorded. Dkt. No. 46 at 2.

On July 27, 2016, Haydel Properties filed again for Chapter 11 bankruptcy relief. Dkt. No. 1. Community moved for relief from the automatic stay as to one parcel of its real property collateral (the "old Gayfers warehouse") or "that [Haydel Properties] be required to segregate and remit to Community all rents which constitute Community's cash collateral" as adequate protection payments. Dkt. No. 46 at 4. On October 20, 2016, Haydel Properties responded to the motion. Dkt. No. 58. On October 27, 2016, the Court held a hearing on Community's motion and heard argument and testimony from Marshall Eleuterius, an executive vice-president of Community. *See* Dkt. No. 60. The Court also provided the parties an opportunity to submit additional briefing by letter. On November 16, 2016, Community filed its additional brief, and on December 20, 2016, Haydel Properties responded. Dkt. Nos. 76, 93. On January 5, 2017,

Community filed a proof of claim[2] for a secured debt in the amount of $1,631,792.76. Claim 9-1 at 2.

### III. Conclusions of Law

A. Relief from the Automatic Stay

The Bankruptcy Code provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d)(1) & (2) (2010).

> [T]he party opposing stay relief has the ultimate burden of persuasion as to all issues except the existence of equity, but the party requesting relief from the automatic stay "must sustain an initial burden of production or going forward with the evidence to establish that a prima facie case for relief exists" before the debtor is obligated to go forward with his proof.

*In re Kleibrink*, 346 B.R. 734, 760 (Bankr. N.D. Tex. 2006) (quoting *In re Self*, 239 B.R. 877, 880 (Bankr. E.D. Tex. 1999)); *see also* § 362(g). Community has argued both that (1) cause exists to lift the stay and that (2) there is no equity in the property and that it is not necessary to an effective reorganization.

*1. For Cause*

a. Lack of Adequate Protection

---

[2] The deadline for filing nongovernmental claims ran on November 28, 2016, but Community was not required to file a proof of claim in this case because its debt was scheduled and not listed as disputed, contingent, or unliquidated. *See* 11 U.S.C. § 1111(a) (2010) ("A proof of claim or interest is deemed filed . . . for any claim or interest that appears in the schedules . . ., except a claim or interest that is scheduled as disputed, contingent, or unliquidated."); *see also* Fed. R. Bankr. P. 3003(c)(2).

> Community argues that its interest is not adequately protected. Dkt. No. 46 at 3.
>
> To establish a *prima facie* case for cause due to a lack of adequate protection, a movant must initially demonstrate that it holds a claim, secured by a valid, perfected lien upon estate property, and that a decline in the value of its collateral is either occurring or is threatened, against which the creditor is precluded from protecting its interests due to the existence of the automatic stay.

*In re Self*, 239 B.R. at 881. It is clear that Community has an interest in the old Gayfers warehouse, as evidenced by the security agreement and deed of trust. To determine whether a creditor is adequately protected, the Court "engage[s] in an analysis of the property's 'equity cushion'-the value of the property after deducting the claim of the creditor seeking relief from the automatic stay and all senior claims." *Mendoza v. Temple-Inland Mortg. Corp. (In re Mendoza)*, 111 F.3d 1264, 1272 (5th Cir. 1997) (quoting *Nantucket Investors II v. Calif. Fed. Bank (In re Indian Palms Assocs., Ltd., B.C. 90-2576 (WFT))*, 61 F.3d 197, 207 (3rd Cir. 1995)). "Where it is shown that a creditor is well secured, the 'equity cushion' may constitute adequate protection in satisfaction of statutory requirements, and this cushion is considered the classic form of protection for a secured debt." *Citicorp Indus. Credit, Inc. v. Conquest Offshore Int'l, Inc. (In re Conquest Offshore Int'l, Inc.)*, 73 B.R. 171, 176 (Bankr. S.D. Miss. 1986). "Case law has almost uniformly held that an equity cushion of 20% or more constitutes adequate protection." *In re Mendoza*, 111 F.3d at 1272 (quoting *Kost v. First Interstate Bank of Greybull (In re Kost)*, 102 B.R. 829, 830 (D. Wyo. 1989)). "[A]n equity cushion under section 362(d)(1) for purposes of adequate protection would include all collateral available to the secured creditor." *In re Colonial Ctr., Inc.*, 156 B.R. 452, 461 (Bankr. E.D. Penn 1993).

In its brief, Community admits that its debt is secured not only by the old Gayfers warehouse but also by five additional parcels of land owned by Haydel Properties. Dkt. No. 46 at 2. Haydel Properties asserts that the deed of trust also covers three parcels not identified by

4

Community for a total of nine secured properties. Dkt. No. 58 at 1. Haydel Properties values the entirety of Community's collateral at $3,284,000.00. Dkt. No. 58 at 3. And the total value excluding the three additional parcels[3] greatly exceeds the 20% minimum equity cushion. *See* Dkt. No. 58 at 2-3. The Court therefore finds that Community's interest in the subject property is adequately protected. To the extent that Community requested adequate protection payments, that request is denied.

### b. Other Cause

"The Bankruptcy Code does not precisely define 'cause' under § 362(d)(1), and in the past [the Fifth Circuit] ha[s] noted that this lack of definition affords 'flexibility to the bankruptcy courts.'" *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 253 (5th Cir. 2006) (quoting *Little Creek Dev. Co. v. Commonwealth Mortg. Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986)). "Whether cause exists to grant relief from the stay is determined on a case-by-case basis, based on the totality of the circumstances." *In re Mantachie Apartment Homes, LLC*, 488 B.R. 325, 331 (Bankr. N.D. Miss. 2013). A lack of good faith may constitute sufficient cause to provide relief from the automatic stay. *Id.* (citing *In re Little Creek Dev.*, 779 F.2d at 1072 (collecting cases)). The lack of good faith may include "wrongdoing by the debtor or its principals." *In re Little Creek Dev.*, 779 F.2d at 1073. Community argues Haydel Properties has engaged in a breach of fiduciary duty by self-dealing sufficient to meet the definition of cause in Section 362(d)(1). Dkt. No. 76 at 1.

A debtor-in-possession owes the same fiduciary duties to its creditors as a trustee. 11 U.S.C. § 1107.

---

[3] The value of these three additional parcels cannot be determined based on the briefing because Haydel Properties valued two of the properties together with a third property already identified by Community. The total value of the four properties, however, is $589,000.00. Dkt. No. 58 at 2-3. Excluding all four of these properties puts Community's equity cushion at approximately 65%.

5

> These fiduciary responsibilities encompass a duty of care and a duty of loyalty. The debtor in possession's fiduciary duty of care includes a duty to preserve and conserve the estate assets so as to maximize the benefits available for all creditors. *U.S. v. Aldrich (In re Rigden)*, 795 F.2d 727 (9th Cir. 1986) . . . The duty of loyalty prohibits self dealing by the debtor in possession. [*Slater v. Smith (In re Albion Disposal, Inc.*, 152 B.R. 794, 812–817 (Bankr. W.D.N.Y. 1993)]; *In re Microwave Products of America, Inc.*, 102 B.R. 666, 672 (Bankr. W.D. Tenn. 1989).

*In re Tenn-Fla Partners*, 170 B.R. 946, 970 (Bankr. W.D. Tenn. 1994) *aff'd in part rev'd in part on other grounds by* 229 B.R. 720 (W.D. Tenn. 1999), *aff'd* 226 F.3d 746 (6th Cir. 2000). And Community cites to one case where the bankruptcy court granted relief from the stay based on a breach of the debtor-in-possession's fiduciary duties to a creditor. *See In re Exec. Air Ctr., Inc.*, 60 B.R. 652, 654 (Bankr. W.D. La. 1986). The Court finds, however, that the facts of *Executive Air Center* are distinguishable from the facts of this case. That court found

> that this case clearly falls within the concern of the Fifth Circuit in *Little Creek Development Co.* This is a single asset case. There is clear wrongdoing on the part of the debtor with comingling of funds and payment of expenses. There has been no ongoing business and the plane has been used, since the inception of this Chapter 11, solely for the personal use of the president of the corporation. There has been no cash flow and there has been no attempt to reorganize this corporation.

*Id.* at 654. In this case, the only allegation is that Haydel Properties is not collecting rent for use of the warehouse by another entity owned by Michael and Gerald Haydel. Dkt. No. 76 at 1. The Court finds that under the facts of this case, this action does not constitute cause for relief from the automatic stay under Section 362(d)(1). Further, to the extent that Community has argued that Haydel Properties has mismanaged estate property,[4] the Court finds that Haydel Properties' actions

---

[4] Gross mismanagement of estate property can be cause for relief under other sections of the Bankruptcy Code. *See* 11 U.S.C. § 1104(a)(1) (2010) (appointment of trustee or examiner); 11 U.S.C. § 1112(b)(4)(B) (2010) (conversion or dismissal). The definition of cause in Section 1104(a), however, has been found not to be coextensive with the definition of cause under Section 362(d)(1) "[b]ecause the intent of the two sections is different." *Sumitomo Trust & Banking Co., Ltd. v. Holly's Inc. (In re Holly's, Inc.)*, 140 B.R. 643, 686-87 (Bankr. W.D. Mich. 1992). The Court not only agrees but also finds that the intent of Section 1112(b) differs from that of Section 362(d)(1). Lastly, the Court notes that allegations of gross mismanagement for failure to collect rent were addressed in Haydel Properties' 2012 bankruptcy. In denying a motion to dismiss under Section 1112, the Court held that "[t]he failure of the Debtor to collect rent . . ., while not a good practice, does not rise to the level of gross mismanagement under the facts of this case." *In re Haydel Props., LP*, No. 12-50048 slip op. at 10 (Bankr. S.D. Miss. Mar. 11, 2013).

6

in this case do not constitute grounds to grant relief from the stay. *See Sumitomo Trust & Banking Co., Ltd. v. Holly's Inc. (In re Holly's, Inc.)*, 140 B.R. 643, 690 (Bankr. W.D. Mich. 1992) (finding that "[p]ostpetition mismanagement, under certain circumstances, may constitute sufficient 'cause' under § 362(d)(1)" but cause was not found because mismanagement did not cause diminution in collateral).

Having found that sufficient cause does not exist under Section 362(d)(1) to grant relief from the automatic stay, the Court denies the motion on this ground and next examines the request for relief under Section 362(d)(2).

*2. Equity and Necessity*

"In order to lift a stay under section 362(d)(2) the bankruptcy court must find that the debtor has no equity in the property and that the property in question is 'not necessary to an effective reorganization.'" *Sutton v. Bank One, Tex., Nat'l Ass'n (In re Sutton)*, 904 F.2d 327, 329 (5th Cir. 1990). The Court acknowledges that the equity calculations under Section 362(d)(1) and (d)(2) differ[5] but finds that in this case that is a distinction without a difference because all of Community's collateral is property of the estate. Having found above that Community is adequately protected by a significant equity cushion under Section 362(d)(1), the Court now finds

---

[5] Courts have differed on what collateral may be counted to determine equity under Section 362(d)(2). Some courts allow non-estate property to be included in a Section 362(d)(2) analysis. *See In re Colonial Ctr.*, 156 B.R. at 461 (listing cases); *In re Cardell*, 88 B.R. 627, 632 (Bankr. D.N.J. 1988). Other courts do not. *See In re SW Boston Hotel Venture, LLC*, 449 B.R. 156, 177 (Bankr. D. Mass. 2011) (citing *NationsBank of Va., N.A. v. DCI Publ'g of Alexandria, Inc.*, 160 B.R. 538, 540-41 (E.D. Va. 1993). The Fifth Circuit has briefly addressed this question in an unpublished decision. *See McManus v. Cadle Co. (In re McManus)*, 30 F.3d 1491, 1994 WL 397944, at *1 (5th Cir. Jul. 18, 1994) (unpublished). In *McManus*, the debtors "contend[ed] . . . that the bankruptcy court should have considered a piece of property owned by a different party . . . in assessing whether the [debtors] had equity in their home" citing *Cardell*. *Id.* The Fifth Circuit distinguished *Cardell* finding that the bankruptcy court in *Cardell* "in determining equity considered other property of the debtor, not property owned by a different party." *Id.* The Fifth Circuit summarized the relevant holding from *Cardell* as "finding [the] debtor had equity under § 362(d)(2) because companies [the] *debtor* owned and controlled provided alternative sources to satisfy creditor's debt." *Id.* (emphasis in original). The Fifth Circuit ultimately held that equity under 362(d)(2) did not include property owned by a different party. *Id.*

7

that Haydel Properties has equity in the collateral under Section 362(d)(2). Because the Court finds that there is equity in the collateral, the Court does not examine whether the collateral is necessary to an effective reorganization. *In re Colonial Ctr.*, 156 B.R. at 459 ("Unless the secured creditor demonstrates a lack of equity, a court does not reach the issue under section 362(d)(2)(B)."). The Court denies the motion for relief from the automatic stay under Section 362(d)(2).

B. Use of Cash Collateral

The Bankruptcy Code defines cash collateral in Section 363. *See* 11 U.S.C. § 363(a) (2010). The Code further provides that a debtor-in-possession "may not use, sell, or lease cash collateral . . . unless . . . each entity that has an interest in such cash collateral consents; or . . . the court, after notice and a hearing, authorizes such use, sale, or lease. . . ." § 363(c)(2).

> [R]estriction of the use of cash collateral should only occur where the facts show that failure to restrict use may impair the creditor and deny the creditor adequate protection . . . In cases where the debtor clearly demonstrates that the value of collateral adequately protects the interests of the secured creditor, income from the collateral—*i.e.*, § 363 cash collateral—may be used by the debtor for the general benefit of the estate and need not be devoted exclusively to the protection of the creditor or the collateral.

*In re Triplett*, 87 B.R. 25, 27 (Bankr. W.D. Tex. 1988) (internal quotation marks omitted). Having found that Community's interest in the collateral is adequately protected above, the Court will deny the motion to restrict Haydel Properties use of cash collateral.

**IT IS HEREBY ORDERED THAT** the Motion for Relief from the Automatic Stay, To Prohibit or Condition Use of Cash Collateral, or in the alternative, For Adequate Protection (Dkt. No. 46) filed by Creditor Community Bank, Coast is DENIED.

*##END OF ORDER##*